**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **MAMADOU KIAGUE** | * | **CIVIL ACTION NO. 05-2017** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. No. 1) filed by Petitioner,

Mamadou Kiague ("Kiague"), on November 18, 2005.  The Government has filed a response and

supplemental response to Kiague's petition.  (Doc. Nos. 10, 12).  Kiague opposed the response

(Doc. No.14).  For reasons stated below, it is recommended that Kiague's petition be

**DISMISSED without prejudice.**

## BACKGROUND

Kiague, a native and citizen of the Democratic Republic of the Congo (DRC), illegally

entered the United States at or near Baltimore, Maryland on or about October 10, 1998.  On April

17, 2000, a Notice to Appear was issued to Kiague, charging him as an alien present in the

United States who had not been admitted or paroled.

Kiague was placed in removal proceedings and a hearing was held before an immigration

judge on April 24, 2001.  At the hearing, the immigration judge ordered Kiague to be removed

from the United States to the DRC, and the United States Bureau of Immigration and Customs

Enforcement (ICE) ordered Kiague to surrender for removal.  After the Board of Immigration

Appeals (BIA) denied Kiague's appeal of the immigration judge's order on November 21, 2002,

the order became final.  Kiague failed to comply with the surrender order, but ICE took him into

custody on April 21, 2005, and transferred him to Tensas Parish Detention Center in Waterproof,

Louisiana on April 28, 2005, where he is currently housed.

On July 7, 2005, a Warrant of Removal was issued, and ICE sent a formal travel document request to the Embassy of the DRC.  Shortly thereafter, ICE reviewed Kiague's status and on July 21, 2005, continued his detention based on ICE's continuing efforts to obtain travel documents from the DRC.  Those efforts have consisted of the following: a follow-up with the DRC Embassy on August 31, 2005; an advisement from the DRC Embassy on September 7, 2005, that travel documents could not be issued without an identity document from the DRC; and on September 13, 2005, a request to an internal department of ICE for assistance on presenting Kiague's case to the DRC Embassy.  Most recently, according to a declaration from Jim D. Thorp, a deportation officer with ICE, he spoke with the Congolese Consulate General and was told that the Embassy would issue Kiague's travel documents once it received two photographs of him.  Govt.'s Ex. A.  On January 23, 2006, two photographs of Kiague were sent to the Congolese Consulate General.  *Id.*

In his petition, Kiague challenges his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), claiming that the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a

period reasonably necessary to secure removal. In *Zadvydas*[1], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence.[2] *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired as of October 25, 2005, Kiague has failed to "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable." *Zadvydas*, 533 U.S. at 701. The evidence the Goverment provided with its response shows active efforts on its part to execute Kiague's removal, ranging from phone calls to the Congolese Consulate General and Embassy to enlistment of assistance from other departments to, most recently, forwarding Kiague's pictures to the Consulate General. Govt.'s Ex. A. This last step, the forwarding of

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

[2] Kiague cites language from *Thompson v. INS*, 2002 U.S. Dist. LEXIS 23936, at *11 (E.D. La. Sept. 13, 2002), as support for his claim that "the simple expiration of the six month period is 'good reason' enough to commence the government's duty to rebut." Pet.'s Br., p.3. However, Kiague fails to note the footnote accompanying the cited text:

> The Supreme Court also cautioned that the six month presumption does not mean that every alien not removed must be released after six months. To the contrary, the Court held that the alien may be held in confinement until such time as the INS or a federal court determines that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* Clearly the expiration of the six month period does not initiate the Government's burden.

Kiague's pictures, appears to be the final hurdle in obtaining travel documents, and the Government's expectation that Kiague will be removed shortly is realistic and reasonable. Furthermore, Kiague's protestations that removal is unlikely based on country conditions in the DRC is unpersuasive. Although the Department of State has issued travel warnings for the DRC to Americans in the past, this does not affect the likelihood of Kiague's removal. As is apparent from ICE's efforts to obtain travel documents, the DRC has a functioning and legitimate government, and has an administrative procedure in place for the issuance of travel documents. Govt.'s Ex. A; *see generally* CIA Factbook, 2006, *available at* http://www.cia.gov/cia/publicatio ns/factbook/geos/cg.html. The DRC is not on par with other countries to which removal has been found to be unlikely. *Jama v. ICE*, 2005 U.S. Dist. LEXIS 9725, at *12-14 (D. Minn. May 20, 2005) (finding removal unlikely to an autonomous area of Somalia where removal required clandestine operations); *Jabir v. Ashcroft*, 2004 WL 60318, at *7 (E.D. La. Jan. 8, 2004) (finding removal to Iraq unlikely based on American military occupation, ongoing hostilities, and the absence of a stable political system). Given the Government's reasonable expectation that travel documents will be issued, removal of Kiague appears likely in the reasonably foreseeable future. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Habeas\05-2017.031406.rr.klh.frm