RECEIVED
IN MONROE, LA
MAY 0 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MAMADOU KIAGUE | * | CIVIL ACTION NO. 05-2017 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | * | MAGISTRATE JUDGE HAYES |

## RULING

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] filed by Petitioner Mamadou Kiague ("Kiague"). Kiague seeks release from detention by the United States Bureau of Immigrations and Customs Enforcement ("ICE") because he has been held for longer than six months following a final order of removal and "there is no significant likelihood of removal in the near future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

On March 14, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 15] recommending that the Petition be dismissed without prejudice. Magistrate Judge Hayes relied on evidence provided by the Government that it has engaged in active efforts to secure Kiague's removal in the near future. Specifically, Magistrate Judge Hayes relied on the declaration of Jim D. Thorp, a deportation officer, that he had spoken with the Congolese Consulate General and that he was told that the Embassy would issue travel documents for Kiague once it received two photographs of him. These photographs were forwarded on January 23, 2006. She concludes: "Given the Government's reasonable expectation that travel documents will be issued, removal of Kiague appears likely in the reasonably foreseeable future. Thus, it is recommended that his petition be [dismissed without

prejudice]." [Doc. No. 15, p. 4].

However, in his objection [Doc. No. 16] to the Report and Recommendation, Kiague provides an official statement from the Congolese Embassy faxed to Mr. Thorp on March 1, 2006, which provides as follows:

> The documents we have on record for Mr. Mamadou Kiague are far too confusing for us to deliver a travel document at the moment. There are too many discrepancies on his identity and his citizenship.
>
> Therefore, we cannot at this time, deliver a travel document for Mr. Mamadou Kiague.

[Doc. No. 16, Exh. P-1].

In response, on April 17, 2006, the Government filed a Status Report [Doc. No. 17] in which it states as follows:

> Petitioner's file has been reassigned to a new Deportation Officer; however, undersigned counsel has been advised that despite continued efforts to contact the Consulate, there has been no change in the Consulate's position as indicated in the March 1, 2006 faxed correspondence.[1]

[Doc. No. 17, ¶ 4].

Under these circumstances, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation of Magistrate Judge Hayes. The Court ADOPTS and incorporates the statement of facts and law cited in the Report and Recommendation.

However, the Court DECLINES TO ADOPT Magistrate Judge Hayes' conclusion. Given

---

[1] The Court notes for the record that all counsel have a professional duty to supplement the pleadings provided to the Court. The Report and Recommendation in this case did not issue until two weeks after Mr. Thorp received notification from the Congalese Consulate indicating that it would not provide travel documents. While the Court does not have any reason to believe that this information was withheld by the Government's counsel, the Court expects that information relevant to the matters pending before it be provided in a timely manner.

Kiague's detention of over one year and the current status of removal efforts, the Court finds that the Government has no "reasonable expectation" that travel documents will issue, and Kiague has provided sufficient evidence to show that there is no significant likelihood of removal in the near future. While the Government appears to have engaged in active efforts to secure Kiague's removal, that is not the issue before the Court. Kiague's Petition for Writ of Habeas Corpus is GRANTED, and the Court ORDERS his release from detention under appropriate terms of supervision.

Monroe, Louisiana, this 8 day of May, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE